UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. ENGEL,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY,<br><br>              Defendant. | Case No.: 19-CV-2077-CAB-KSC<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**<br><br>**[Doc. No. 41]** |

On March 18, 2021, the Court entered an order granting summary judgment in favor of Defendant United States Department of the Navy (the "Navy"). [Doc. No. 39.] Plaintiff James Engel now moves for the Court to alter or amend that order under Federal Rule of Civil Procedure 59(e) on the grounds that, according to Engel, the Court's judgment was a clear error of law. The motion to alter or amend the judgment is denied.

The purpose of a motion to alter or amend a judgment under Rule 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." *Ruscavage v. Zuratt*, 831 F. Supp. 417, 418 (E.D. Pa. 1993). The district court has "considerable discretion" in deciding whether to grant or deny the motion, but "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal citations omitted). Thus,

a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original) (internal citations omitted); *see also Allstate*, 634 F.3d at 1111 ("In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.").

In his motion to alter or amend, Engel simply restates the arguments he made in his original motion and claims that the Court's decision is "manifestly unjust." [Doc. No. 43 at 2.]  The Court, however, considered the entirety of the original motion (including the provision of the Medical Care Recovery Act that Engel again argues dictates this case) before concluding that Engel was not the prevailing party and is therefore not entitled to recover the $199,556.53 held in attorney Anthony Klein's trust account.  Unsurprisingly, Engel is unhappy with the Court's ruling, but his inability to convince the Court the first time around does not entitle him to a second bite at the apple under Rule 59(e).  By merely rearguing his positions that he is entitled under the MCRA to the funds held in trust, Engel has not offered any grounds for altering or amending the Court's judgment.  *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (finding no abuse of discretion where the district court denied a Rule 59(e) motion to reconsider the judgment based on the same arguments in the original motion); *see also Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) ("Because North American and Federal simply reargued their case . . . the district court did not abuse its discretion in denying the motion.").

Ultimately, the Court echoes the following sentiment expressed by another district judge that motions for reconsideration and the like should not be used merely as an

intermediate "appeal" before taking a disputed ruling to the Ninth Circuit:[1]

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.
>
> This is not to say that a motion for reconsideration is never well-taken. A litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical, an intervening change in controlling authority, or other critical matters that the Rules provide should be brought to the Court's attention in this way. On this basis, motions for reconsideration should be few, far between, and narrowly focused. When this is the case, the Rules work as they were intended, and the Court can focus on the business of justice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3–4 (S.D. Cal. Apr. 10, 2007).

The instant motion does not meet the description in the second paragraph of the above block quote. To the contrary, the motion is a prime example of the circumstance

---

[1] Engel specifically states that the present motion is motivated, at least in part, by a desire to avoid the "18-24 months tied up on appeal without getting any substantive result" that may occur by appealing to the Ninth Circuit. [Doc. No. 41-1 at 9.] Dissatisfaction with the Ninth Circuit's timeline for deciding appeals is not grounds for altering or amending a judgment under Rule 59(e).

identified in the first paragraph, with Engel simply rehashing the arguments made in his initial motion for summary judgment. In reaching its conclusions here, the Court considered all of the arguments Engel made in his original motion, along with the arguments made by the Navy in opposition and all of the facts of this case, and found that Engel was not a prevailing party entitled to the funds held in Klein's trust account. That Engel thinks the Court's conclusions are incorrect or unfair is not grounds for altering or amending the judgment. Accordingly, the motion is **DENIED**.

It is **SO ORDERED.**

Dated: May 6, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge